Copy

24Q256

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| MARGO BLACK, and <br> MARK BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, and <br> COSTCO WHOLESALE MEMBERSHIP, INC., <br><br> Defendants. | Case No. 19C1604 <br><br> JURY DEMAND |

2019 JUL 15 PH 2:25
RICHARD R. ROOKER, CLERK
D.C.
FILED

## COMPLAINT

COME NOW the Plaintiffs, Margo Black and Mark Black, for their causes of action against the Defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., and state to the Court the following:

### JURISDICTION AND VENUE

1. Plaintiff, Margo Black ("Mrs. Black") is a citizen and resident of Davidson County, Tennessee, with her address being 4221 Savannah Place, Nashville, Tennessee, 37204.

2. Plaintiff, Mark Black ("Mr. Black") is a citizen and resident of Davidson County, Tennessee, with his address being 4221 Savannah Place, Nashville, Tennessee, 37204.

3. Mrs. and Mr. Black are a married couple.

4. Plaintiffs aver that, upon information and belief and at all times relevant to this Complaint, Costco Wholesale Corporation ("Costco Wholesale") is a Washington corporation registered to do business in the state of Tennessee. Costco Wholesale's principal place of business is located at 999 Lake Drive Issaquah, Washington, 98027-8990. Costco Wholesale may be served through its Registered Agent as identified through the Tennessee

1

Copy

Secretary of State website: CT Corporation System, with an address of 300 Montvue Road, Knoxville, Tennessee 37919-5546.

5. Plaintiff avers that, upon information and belief and at all times relevant to this Complaint, Costco Wholesale Membership Inc. ("Costco Membership") is a California corporation registered to do business in the state of Tennessee. Costco Membership's principal place of business is located at 999 Lake Drive Issaquah, Washington, 98027-8990. Defendant Costco Membership may be served through its Registered Agent as identified through the Tennessee Secretary of State website: CT Corporation System, with an address of 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. This Complaint concerns injuries and damages to the Plaintiffs arising out of a slip and fall caused by a hazardous and unreasonably dangerous condition on the premises of the Costco retail store located at 6670 Charlotte Pike, Nashville, Tennessee 37209 ("Subject Premises") which was owned and controlled by Defendants at all relevant times.

7. This cause is a premises liability complaint for personal injuries sustained by Plaintiff Mrs. Black on July 14, 2018, proximately caused by a dangerous condition located on the Subject Premises under the control of, managed by, maintained by, owned by the Defendants, as well as other acts of negligence and breaches of duty contributing to said injuries.

8. All of the wrongs complained of herein occurred within this jurisdiction and within one (1) year preceding the filing of this action, and this Court has jurisdiction. Venue is proper pursuant to Tennessee Code Annotated § 20-4-101.

9. This court has proper jurisdiction over the parties, and it has general jurisdiction of this matter pursuant to Tennessee Code Annotated § 16-10-101.



## FACTUAL ALLEGATIONS

10. On Saturday, July 14, 2018, Mrs. Black was lawfully present on the Subject Premises as a customer of Costco with her daughter.

11. At approximately 10:50 am, Mrs. Black was walking down an aisle at the Subject Premises where Defendants set up a stand for customers to sample mandarin oranges.

12. One of Defendants' employees was working and overseeing the mandarin orange sample stand.

13. The floors in the Subject Premises are hard, polished concrete floors with a sleek smooth finish with no grooves or traction.

14. Some mandarin oranges and the juice had been spilled on the polished concrete floor in the aisle near the sample stand.

15. Upon information and belief, Defendants typically place warning signs of wet or slick surfaces when there is a risk of liquid spills that could pose a danger of slippery floors, including sample stands.

16. There were no warning signs, cones, mats, or other warning devices present in the area of the incident to warn customers of the potentially slippery floors.

17. Mrs. Black slipped and fell in the area where the mandarin oranges had spilled, sustaining multiple and long-term injuries. Mrs. Black had no prior knowledge of the dangerous substances on the floor prior to slipping and falling.

18. Several Costco customers and employees witnessed Mrs. Black's fall.

19. At the time of the incident, the Defendants' employee who was working the sample stand tended to Mrs. Black and called the store manager to report the incident.

20. Two of the Defendants' store managers responded to the incident.

Copy

21. Defendants, through its officers, agents, and/or employees, knew or should have known that this area needed maintenance and that its condition constituted a hazardous and unreasonably dangerous condition.

22. There were minimal oranges on the floor, along with the clear syrup where the spill was present, creating an almost invisible fall risk to anyone walking down the aisle.

23. Mrs. Black is a nurse who typically wears rubber-soled, non-slip shoes due to the risk of slippery floors at her place of employment.

24. On the day in question, Mrs. Black was wearing rubber-soled, non-slip shoes.

25. Mrs. Black left the Subject Premises and went to the emergency room to have her injuries evaluated.

26. Defendants, through their officers, agents, and/or employees, knew or should have known that the dangerous condition posed an unreasonable and foreseeable risk of injury to the Plaintiffs and other patrons who used this area.

27. Defendants through their officers, agents, and/or employees, were negligent in that they failed to maintain the Subject Premises in a reasonably safe condition. The serious injuries the Plaintiff suffered were a direct and foreseeable result of the Defendant's breach of duty to maintain the Subject Premises in a reasonably safe condition.

28. Through the above-listed acts and omissions, Defendants failed to use the ordinary care that ordinarily careful business owners and/or persons would use to avoid injury to others under the same or similar circumstances.

29. As a direct and proximate result of the aforementioned incident, Mrs. Black sustained severe and long-term injuries, including fractures to her T-10 vertebrae and right wrist, as well as injuries to other areas of her back, rib cage, and possible nerve damage. As a result of these injuries, Mrs. Black has suffered significant pain and has required a substantial

Copy

amount of ongoing medical attention since the incident. Mrs. Black's injuries have compromised her quality of life and have made her dependent on Mr. Black to help with her daily necessities and responsibilities.

30. As a direct and proximate result of the aforementioned incident, Mr. Black has had to provide the personal and household care needed by Mrs. Black on a daily basis.

## **LIABILITY**

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

31. Defendants, as owners of Subject Premises, in their role of operating, managing, maintaining, and controlling their retail store, were negligent, through their employees, in failing to warn of or make safe for Mrs. Black the dangerous condition created by the spill at the mandarin oranges sample stand, on the polished concrete floor, which proximately caused the Plaintiff to fall and suffer bodily injuries.

32. Defendants, through its officers, agents, employees, and/or servants, were negligent in that they:

   (a) Knew or should have known that the floor was a dangerous, hazardous, and unsafe condition;

   (b) Failed to correct the spill that created the dangerous, hazardous, and unsafe condition;

   (c) Failed to maintain the floor in such a manner as to ensure it would not serve as a dangerous, hazardous, and unsafe condition;

   (d) Failed to provide warning signs and/or notice regarding the condition of the floor;

   (e) Created the dangerous, hazardous, and unsafe condition, and failed to address it and make it safe in a timely manner;

Copy

(f) Failed to properly and timely inspect the area where Mrs. Black was injured and address the dangerous, hazardous, and unsafe condition in a timely manner; and

(g) Failed to exercise due and reasonable care.

33. During all relevant times herein, all acts of Defendant's officers, agents, employees, and/or servants are imputed to Defendant via the doctrine of *respondeat superior*.

34. The area where the slip and fall incident occurred was under the control of Defendants, whereby negligence for failure to adequately maintain and/or make safe the dangerous condition is inferred under the doctrine of *res ipsa loquitor*, proximately causing the Plaintiff to fall and suffer serious bodily injuries.

35. As a direct and proximate result of the negligence of the Defendants and their officers, agents, employees, and/or servants, Mrs. Black suffered serious, disabling, painful and long-term bodily injuries, causing Mrs. Black to become liable for medical and other expenses and to suffer impairments to Mrs. Black's body.

## **DAMAGES**

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

36. As a direct and proximate result of the negligence of Defendants and their employees, Plaintiffs allege that they are entitled to damages, including but not limited to the following specific items of damages:

    a. physical pain and suffering of a past, present and future nature;

    b. emotional pain and suffering of a past, present and future nature;

    c. medical bills and expenses of a past, present and future nature;

    d. loss of enjoyment of life, and damages for long-term injury;

    e. lost earning capacity;

Copy

f. loss of consortium;

g. post-judgment interest;

h. statutory and discretionary costs;

i. all such further relief, both general and specific, to which Plaintiffs may be entitled under Tennessee law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Margo Black and Mark Black, request the following relief:

A. That process be issued;

B. A jury to try this lawsuit;

C. A judgment against Defendants for compensatory damages, in an amount to be determined in excess of $25,000;

D. Discretionary costs and court costs; and

E. Such other relief as the Court deems just and proper.

Respectfully submitted,

Donald Capparella, #011239
Kimberly Macdonald, #036863
Dodson Parker Behm & Capparella, PC
1310 6th Avenue North
Nashville, TN 37208
(615) 254-2291
(615) 726-2241 (facsimile)
capparella@dodsonparker.com
kmacdonald@dodsonparker.com